# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MACARIO SANTAMARIA,<br>#330240,<br><br>                  Petitioner,<br><br>v.<br><br>WARDEN, TURBEVILLE<br>CORRECTIONAL INSTITUTION,<br><br>                  Respondent. | )<br>)<br>)  CIVIL ACTION NO. 9:10-3183-RMG-BM<br>)<br>)<br>)<br>)  **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on December 14, 2010.[1]

The Respondent filed a return and motion for summary judgment on June 10, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 14, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on June 24, 2011.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988). Since there is no date stamp on the envelope from the prison mail room, the undersigned has used the date of the petition as the filing date to give the Petitioner any benefit of the doubt.



1

This matter is now before the Court for disposition.[2]

### Procedural History

Petitioner was indicted in February 2008 for trafficking in cocaine, in excess of 400 grams [Indictment No. 08-GS-10-1103]. See Court Docket No. 27-13, pp. 3-4.[3] Petitioner was represented by Robert G. Howe, Esquire, and pled guilty to the lesser-included offense of trafficking in cocaine, 28-100 grams, first offense, on September 22, 2008. See Court Docket No. 27-1. Petitioner received a sentence of ten (10) years imprisonment. See Court Docket No. Court Docket No. 27-1, p. 16. Petitioner did not appeal his conviction or sentence.

On December 2, 2008, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Santamaria v. State of South Carolina, No. 2008-CP-10-6798. See Court Docket No. 27-2. Petitioner raised the following issues in his APCR:

1. Ineffective assistance of counsel in that attorney failed to file timely appeal.

2. Coerced plea.

3. Violation of due process.

4. Applicant never was indicted.

See Court Docket No. 27-2, p. 3.

Petitioner was represented in his APCR by Charles T. Brooks, Esquire, and an

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Respondent represents that he has attached all relevant documents in his possession, including a transcript of Petitioner's guilty plea, but that since the Petitioner did not file a direct appeal, there is no appendix to provide to the Court or the Petitioner. See Memorandum in Support of Summary Judgment, p. 1, n. 1.



evidentiary hearing was scheduled on November 16, 2009. See Court Docket No. 27-4. At the hearing, Petitioner indicated his desire to withdraw his application, and on November 18, 2009, the PCR judge filed an order finding that Petitioner understood the consequences of withdrawing his application and that his decision to withdraw was made knowingly, voluntarily, and intelligently. The PCR judge then dismissed the petition, with prejudice. See Court Docket No. 27-4. Petitioner did not appeal from this order.

On April 26, 2010, Petitioner filed a second APCR (Santamaria v. State of South Carolina, No. 2010-CP-10-3403) raising the following issues:

1. Ineffective assistance of counsel.

2. Circuit court lacked subject matter jurisdiction.

3. Violation of due process.

See Court Docket No. 27-5, p. 4.

Petitioner also filed an amended APCR on June 30, 2010, further discussing his claims as well as alleging numerous additional grounds of ineffective assistance of counsel. See Court Docket No. 27-6. On July 14, 2010, the State made its return to the petition and moved to dismiss the APCR as both successive and time-barred; see Court Docket No. 27-7; and on August 12, 2010, the PCR judge filed a conditional order of dismissal [dated July 26, 2010].[4] See Court Docket No. 27-8. In a document dated August 20, 2010 [there is no indication on the copy filed with this Court to show whether this document was filed in Petitioner's state court action], Petitioner alleged that he was entitled to an evidentiary hearing. See Court Docket No. 27-10. However, the state court filed a final

---

[4]An Affidavit of Personal Service indicates that Petitioner was served with the Order on September 3, 2010. See Court Docket No. 27-9.



3

order of dismissal on November 2, 2010, dismissing the APCR as successive and time-barred. See Court Docket No. 27-11. On November 4, 2010, the Petitioner filed a *pro se* motion to Alter or Amend the Judgment. See Court Docket No. 27-12. On November 18, 2010 order, the PCR judge denied the motion, and Petitioner did not appeal that order. See Court Docket No. 27-13, p. 23.

Petitioner then filed a third APCR (Santamaria v. State of South Carolina, No. 2011-CP-10-2876) on April 21, 2011, raising the following issue:

> The [trial] court was without [subject matter] jurisdiction to try and convict and sentence him for TRAFFICKING IN COCAINE, 28-100 gs 1st Offense when the indictment was at variance with the actual proof that was eventually presented at the appellant's trial/guilty plea . . . . The court exceeded its jurisdiction by sentencing Applicant for a crime which he was never charged . . . .

See Court Docket No. 27-13, pp. 15-16.

When the Respondent filed its motion for summary judgment in this case, Respondent represented that the State had not yet filed its Return and Motion to Dismiss in the pending state PCR action. See Memorandum in Support of Summary Judgment, p. 5.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Circuit court lacked subject matter jurisdiction to accept guilty plea.

**Ground Two:** Ineffective assistance of counsel.

**Ground Three:** Improper Guilty Plea.

See Petition, pp. 5-8.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no



genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and record in this case, the undersigned finds and concludes that the Respondent is entitled to summary judgment.

**I.**

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[5] and runs from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5]Antiterrorism and Effective Death Penalty Act of 1996.



>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Since Petitioner did not appeal his conviction or sentence, his state court conviction became final on October 2, 2008, ten (10) days after his plea on September 22, 2008. See SCACR, Rule 203(b)(2); see also Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001). Petitioner therefore had one year from October 2, 2008, to file a federal habeas petition. When Petitioner filed his APCR on December 2, 2008, sixty (60) days of non-tolled time had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until it was dismissed on November 18, 2009. Since Petitioner did not thereafter file an appeal of the dismissal of his first APCR, the dismissal became final for limitations purposes, at the latest, on December 18, 2009.[6]

---

[6]Unlike Petitioner's conviction, which did not become final until ten (10) days later when the time to appeal expired [see discussion, supra], it not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending*. See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event,
(continued...)



Petitioner's second APCR filed in 2010 was not "properly filed" petition for purposes of tolling the statute of limitations, as it was dismissed on the ground that it was successive and untimely. See Court Docket Nos. 27-8 and 27-10; see Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]]. Therefore, Petitioner's second APCR did not toll the running of the statutory filing period.

By the time Petitioner filed this federal habeas petition on December 14, 2010[7], an additional three hundred and sixty-one (361) days of non-tolled days had passed since the time expired to file an appeal of the dismissal of his first PCR on December 18, 2009, for a total of four hundred and twenty-one (421) non-tolled days.[8] Therefore, the federal petition was not timely filed, and is subject to dismissal. See Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000).

---

[6](...continued)
the time to file an appeal in Petitioner's state APCR was thirty (30) days, not ten (10) days. Rule 203(b)(1), SCACR. Since even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given the Petitioner the benefit of tolling the statute for this thirty (30) day period.

[7]When Petitioner filed his third APCR filed on April 21, 2011, he had already filed this federal habeas petition.

[8]The non-tolled days include the sixty (60) days that expired prior to Petitioner filing his first APCR.



## II.

The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner does not actually assert a right to equitable tolling, but does argue that an order dismissing his first PCR, with prejudice, was never issued. However, the order filed on November 18, 2009, dismissing Petitioner's first APCR, clearly states "with prejudice." See Court Docket No. 27-4.[9]  Petitioner also contends that the statute of limitations does not bar a belated

---

[9]The undersigned notes that the state court's order in Petitioner's second APCR also informed Petitioner that his first APCR had been dismissed, with prejudice. See Court Docket No. 27-8; see
(continued...)



appeal. However, Petitioner was not granted a belated appeal by the state court. Therefore, that argument does not entitle him to equitable tolling of his federal habeas petition. Further, the time for filing a federal habeas action does not start over after the conclusion of a Petitioner's collateral review. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

In sum, no basis for equitable tolling is present in these facts. Petitioner has not shown any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230. Rather, Petitioner simply failed to timely file this federal petition. Cf. Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay].

As Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also

---

⁹(...continued)
also Court Docket No. 27-7.



Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; he is barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 15, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).