IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 OCT 11  P 3: 05

| | |
|---|---|
| Macario Santamaria, #330240 ) | Civil Action No. 9:10-3183-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Turbeville Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

In this *pro se* action, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC, this matter was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On September 15, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted. (Dkt. No. 33). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner failed to file any objections to the Report and Recommendation. As explained herein, this Court adopts the Report and Recommendation and grants Respondent's motion for summary judgment.

## LAW/ ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Matthew v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is

made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). This court may also "receive further evidence or commit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F. 2d 198 (4th Cir. 1983).

This Court has reviewed the Report and Recommendation for any clear errors of law and has found none. As explained in the Report and Recommendation, Petitioner's application for habeas corpus is barred by the applicable statute of limitations. Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy,* 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Section 2254(d) provides the following statute of limitations:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254(d).

This Petition arises out of a September 22, 2008 conviction in Charleston County, South Carolina for trafficking in cocaine. As the Magistrate Judge explained in the Report and Recommendation, Petitioner filed his application for a writ of habeas corpus four hundred and twenty-one (421) non-tolled days after the statute of limitations began to run. (*See* Dkt. No. 33 at 6-7). Thus, Petitioner's application was not filed within the 1-year period allowed under 28 U.S.C. § 2254(d). The limitations period may be equitably tolled if Petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstances stood in his way, preventing him from timely filing his habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, Petitioner has not established, or even attempted to establish, that these two elements are met in this case. Accordingly, Petitioner's claims are barred by the applicable statute of limitations.

## CONCLUSION

Based on the above authority, the Court adopts the Magistrate's Report and Recommendation. Thus, Respondent's motion for summary judgment is **GRANTED**, and the Petition is **DISMISSED** with prejudice.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability...shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the District Court is likewise debatable. *See Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

October 11, 2011
Charleston, South Carolina